THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GREYLOCK CONSTRUCTION COMPANY, INC., and Another, Defendants.

Supreme Court, Jefferson County, October, 1926.

**Highways — construction contract — contract called for covering of sub-base of highway with gravel for protection — contract did not require contractor to cover sub-base laid by prior contractor.**

A highway construction contractor, whose contract provided, in effect, for the covering of a sub-base with gravel for the purpose of protection when work was suspended, cannot be compelled to cover a sub-base laid by a p ior contractor, and, therefore, the State wa; without authority to issue an order to the contractor requiring him to do that work.

ACTION involving construction of contract with the State for the construction of a highway.

*Albert Ottinger, Attorney-General* [*John H. Mackin, Deputy Attorney-General,* of counsel], for the plaintiff.

*Parsons, McClung & Rose* [*Arthur E. Rose* of counsel], for the defendants.

HOWARD, Official Referee. The controversy here reduces itself down, as the Attorney-General has well stated in his brief, to the question whether the State under the contract had a right to require the contractor to spread gravel on three and eighty-four one-hundredths miles of sub-base put down by a previous contractor.

Although there was no specific written demand upon the contractor that the sub-base be covered with gravel, and perhaps no such direct oral demand, the order of October 16, 1918, was construed by the engineers of both parties as a requirement to cover the sub-base with gravel, and this construction was adopted as a matter of course at the trial by the attorney for each of the litigants and has been so treated in the briefs. And subsequently, after the defendant had abandoned the job, the State did in fact spread 1,050 cubic yards of gravel on the sub-base, thus confirming the interpretation placed upon the order by everybody concerned.

If the State had any right to require the contractor to do this work it grew out of the clause in the contract, the substance of which was incorporated in the notice of the State to the contractor, and which clause reads as follows: " All work under this contract is to be completed by the date indicated in the contract agreement or as extended by the Commission. If in the meantime it should become necessary, because of the lateness of the season or any other reason, to stop the work, then the Contractor shall open

proper drainage ditches, erect temporary structures where necessary, prepare the road so there will be a minimum interference with traffic, and take every precaution to prevent any damage or unreasonable deterioration of the work during the time the work is closed."

The clause in question, above quoted, refers to " all work under this contract." That is, all work to be done by the Greylock Corporation under its contract, not that which had been heretofore done by the Kennedy Corporation under a different contract. In other words, the contractor agreed to protect its own work. The Greylock Corporation nowhere undertook to protect defective work of the previous contractor or work that had deteriorated because of abandonment by the first contractor. This being so, the State had no authority to require it to do so. The defendant contractor can only be held to do what it agreed to do and, in the absence of a specific clause to that effect, it cannot be assumed that the defendant had in mind, when it made the contract, the danger of being required to look after, repair and protect the broken-down job of some previous contractor who had abandoned the field and left his work to the mercy of the elements.

I, therefore, conclude that the State was without authority to require the defendant to cover the sub-base with gravel.

Neither am I convinced that the order was altogether reasonable. The burden was on the State to prove the necessity. I think it failed. The proof against the necessity of putting on the gravel was fully as convincing as that in favor of it. The evidence impressed me with the notion that the sub-base was in pretty good condition, as good, perhaps, as exposed sub-bases generally are. The order to spread on more than 1,000 yards of gravel at a cost of $964.49 was a hardship not quite sanctioned, in my opinion, by the condition of the sub-base.

I do not, however, place my decision upon the lack of necessity; I hold that even if the condition of the sub-base required a layer of gravel to protect it for the winter and to make it more convenient for traffic, the State had no legal right under the contract to order the contractor to do it.

The complaint should be dismissed, with costs.